# COMPLAINT
### (for filers who are prisoners without lawyers)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

(Full name of plaintiff(s))

AARON J. LINDH

v.

(Full name of defendant(s))

KAREN ERICKSON, RANDY MOELLOR
YANA PUSICH, TONIA MOON,
JESSE UMENTUM, BRIAN FOSTER
BRAD HOMPE, CO KROLL, AND
CHRIS O'DONNELL.

Case Number:

_____
(to be supplied by Clerk of Court)

## A.  PARTIES

1.  Plaintiff is a citizen of ___WISCONSIN___, and is located at
       (State)

C/O WAUPON CORRECTIONAL INSTITUTION. P.O. BOX 351
       (Address of prison or jail)   WAUPON, WI 53963-0351

(If more than one plaintiff is filing, use another piece of paper.)

2.  Defendant ___KAREN ERICKSON___

(Name)

Complaint – 1

Case 2:19-cv-00189-LA-NJ     Filed 02/05/19     Page 1 of 18     Document 1

is (if a person or private corporation) a citizen of ___WISCONSIN___

(State, if known)

and (if a person) resides at — _____

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for ___WISCONSIN DOC AT WCI_____

(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B.     STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1.     Who violated your rights;
2.     What each defendant did;
3.     When they did it;
4.     Where it happened; and
5.     Why they did it, if you know.

SEE ATTACHED

Complaint – 2

Case 2:19-cv-00189-LA-NJ     Filed 02/05/19     Page 2 of 18     Document 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AARON LINDH,
       Plaintiff,

                                      COMPLAINT
v.                                   Case No.

KAREN ERICKSON, RANDY MUELLER,
YANA PUSICH, TONIA MOON,
JESSE UMENTUM, BRIAN FOSTER,
BRAD HOMPE, KROLL, and
CHRIS O'DONNELL, individually and in their official capacities
       Defendants,

---

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C Section § 1983 to redress the deprivations under color of state law, of rights secured by the Constitution of the United States. This court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3).

2. The Eastern District of Wisconsin is the appropriate venue for this action pursuant to 28 U.S.C. §1391 (b)(2) because the Eastern District is where all of the events giving rise to the Plaintiff's claims occurred.

## II. PLAINTIFF

3. Plaintiff, Aaron Lindh, is a prisoner of the State of Wisconsin in the custody and care of the Wisconsin Department of Corrections (DOC) and he is currently confined at the Waupun Correctional Institution (WCI) located at 200 South Madison Street, Waupun, WI 53963-0351.

## III. DEFENDANTS

4. Karen Erickson is employed by the state of Wisconsin as a Recreation Leader/Supervisor. Her offices are located at 200 South Madison Street, Waupun, WI 53963-0351.

5. Randy Mueller is employed by the state of Wisconsin as a Recreation Leader/Supervisor. His offices are located at 200 South Madison Street, Waupun, WI 53963-0351.

1

6. Yana Pusich is employed by the state of Wisconsin as a Corrections Program Supervisor, Inmate Complaint Supervisor and Office of Legal Counsel. Her offices are located at 200 South Madison Street, Waupun, WI 53963-0351.

7. Tonia Moon is employed by the state of Wisconsin as an Inmate Complaint Examiner. Her offices are located at 200 South Madison Street, Waupun, WI 53963-0351.

8. Jesse Umentum is employed by the state of Wisconsin as a Recreation Leader/Supervisor. His offices are located at 200 South Madison Street, Waupun, WI 53963-0351.

9. Kroll is employed by the state of Wisconsin as the Movement Officer. His offices are located at 200 South Madison Street, Waupun, WI 53963-0351.

10. Warden Brian Foster is employed by the state of Wisconsin as the Warden of Waupun Correctional Institution. (WCI) His offices are located at 200 South Madison Street, Waupun, WI 53963-0351.

11. Brad Hompe is employed by the state of Wisconsin as a Corrections Complaint Examiner. His offices are located at P.O. Officer Box 7925, Madison, WI 53707-7925.

12. Chris O'Donnell is employed by the state of Wisconsin as the Office of the Secretary. Her offices are located at P.O. Officer Box 7925, Madison, WI 53707-7925

13. Each defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## IV. STATEMENT OF FACTS

14 At all times relevant to this matter Plaintiff Aaron Lindh, (Lindh) was an inmate confined at WCI.

15. Since September 2000 Lindh was hired on and off to work as a Public Service Worker (PSW) Crotchetier. WCI-PSW Crochetiers go to the Hobby Department five times a week, Monday thru Friday, for an hour and twenty minutes, to pick up "projects", bags of yarn, that they take back to their cell and crochet. When the project is complete they bring it back to the Hobby Department, turn it in and get paid.

16. The Division of Adult Institutions (DAI) has a rule that states no inmate may work in the same department for more than two years. Two years on-two years off. Despite this rule over the years Lindh was given several extensions.

17. In the course of his employment Lindh has crocheted more than five hundred hats for the PSW program and Defendant Randy Mueller (Mueller) has often referred to him as a "Jedi" crochetier.

2

18. Sometime prior to September 2018 Mueller wrote his supervisor(s) explaining that he was having a hard time finding qualified crochetiers and requesting that an exemption be made allowing Lindh to be rehired despite the fact that Lindh hadn't been gone for two years.

19. Mueller's request was granted and on September 5, 2018 Lindh was rehired as a PSW crochetier.

20 During the course of his employment Lindh learned that Karen Erickson (Erickson) had taken a hat made for the PSW (not one of his) home to her granddaughter.

21. Lindh made it known to other inmates, PSW crochetiers, his supervisors and anyone else who would listen that he didn't crochet hats so that Erickson could steal them.

22. On or about September 18, 2018, per his job responsibilities Lindh turned in five sets of hats & mittens.

23. Mueller inspected, accepted and documented the hats & mittens in the "Project Log Book."

24. Lindh returned the next day to learn that Erickson found his work unacceptable and ordered him to make repairs.

25. During his many years of employment as a PSW crotchetier not once, not one single time has Erickson assigned a single project to Lindh.

26. During his many years of employment as a PSW crochetier not once, not one single time has Erickson inspected, accepted or documented a single project turned in by Lindh.

27. On or about October 1, 2018 Lindh turned in another five sets of hats & mittens.

28. Mueller inspected, accepted and documented the hats & mittens in the Project Log Book.

29. Lindh returned the next day only to learn that once again Erickson found his work unacceptable and ordered him to make repairs.

30. On or about October 15, 2018 Lindh turned in another five sets of hats & mittens.

31. Mueller inspected, accepted and documented the hats & mittens in the Project Log Book.

32. Lindh returned the next day only to learn that once again Erickson found his work unacceptable and ordered him to make repairs.

3

33. On October 17, 2018 Lindh wrote a letter to the Dodge County Sheriff's Department accusing Erickson of stealing a hat.

34. On October 17, 2018 Lindh filed a written inmate complaint accusing Erickson of misconduct in the form of theft, harassment, retaliation and racial discrimination.

35. On October 18, 2018 Defendant Tonia Moon (Moon) responded Lindh's written complaint by stating that it was not accepted because Lindh allegedly raised more than one issue.

36. On October 18, 2018 Lindh filed two separate written complaints accusing Erickson of harassment and retaliation.

37. On October 19, 2018 Moon said that Lindh's submissions were not accepted and would not be returned to him.

38. On October 19, 2018 Lindh received written acknowledgement of his complaint numbered WCI-2018-22023.

39. On Friday, October 19, 2018 Moon recommended that complaint number WCI-2018-22023 be dismissed.

40. On Saturday, October 20, 2018 Defendant Brian Foster (Foster) dismissed complaint number WCI-2018-22023.

41. On October 24, 2018 Lindh filed an "Inmate Complaint Appeal" regarding complaint number WCI-2018-22023.

42. On October 31, 2018 Defendant Brad Hompe (Hompe) recommended that Lindh's appeal of complaint number WCI-2018-22023 be dismissed.

43. On November 2, 2018 Lindh was pulled out of recreation and taken "upfront" in handcuffs and interrogated by Defendant Yana Pusich (Pusich) regarding his allegations against Erickson.

44. On November 9, 2018 Lindh was given an unsatisfactory work evaluation signed by Mueller and Pusich. As a result of this evaluation Lindh was immediately terminated from his job as a PSW crotchetier.

45. On November 12, 2018 Mueller came to the North Cell hall and confiscated all of the projects Lindh had in his cell.

46. On November 12, 2018 Lindh filed an inmate complaint regarding his termination.

47. On November 13, 2018 Lindh's appeal of complaint number WCI-2018-22023 was dismissed by Defendant Chris O'Donnell (O'Donnell).

4

48. On November 14, 2018 Lindh's complaint regarding his termination was returned to him stating that before his complaint would be accepted he needed to attempt to resolve the matter informally by contacting Pusich.

49. On November 14, 2018 Lindh wrote a letter to Pusich regarding his termination.

50. On November 18, 2018 Pusich responded to Lindh's letter by stating that his termination was appropriate.

51. On November 19, 2018 Lindh filed inmate complaint number WCI-2018-23980 concerning the loss of his job.

52. On November 28, 2018 Moon determined that Lindh's termination for the unsatisfactory work evaluation was in violation of Division of Adult Institution (DAI) policy 309.00.01 and he was given his job back.

53. On December 4, 2018 Lindh filed an appeal to complaint number WCI-2018-23980 because Moon never addressed Lindh's allegations of staff misconduct by Mueller Pusich and Kroll in the form of retaliation for reporting their coworker by creating a false and deliberately inaccurate work evaluation in order to justify terminating him and the fact that the inaccurate work evaluation and "Inmate Work/Program Assignment/Placement" are still in his file.

54. On December 10, 2018 Lindh returned to work for the first time since his illegal termination and asked Mueller to return the projects he had confiscated from him on November 12, 2018 so that he could turn them in and be compensated. Mueller refused to give Lindh back those projects.

55. On December 11, 2018 Lindh filed a written inmate complaint regarding Mueller's refusal to return those projects to him.

56. On December 12, 2018 Moon said that prior to accepting Lindh's complaint he needed to contact Pusich and attempt to resolve the matter informally.

57. On December 14, Lindh wrote Pusich and explained the situation.

58. On December 18, 2018 Pusich responded to Lindh's letter by saying that Mueller's action was appropriate and Lindh would not be getting those projects back.

59. On December 18, 2018 Lindh wrote complaint number WCI-2018-26003.

60. On December 20, 2018 complaint number WCI-2018-26003 was rejected by Moon as being "moot."

5

## C. JURISDICTION

☒ I am suing for a violation of federal law under 28 U.S.C. § 1331.

### OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

## D. RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Complaint – 4

61. In support of the reason for rejection Moon stated, " . . . Mr. Mueller also stated that he was given back projects that were not finished so he could finish them."

62. Mueller never returned any complete and/or incomplete projects to Lindh.

63. In further support of her reason for rejection Moon went on to say, " . . . and recreation leaders Umentum and Erickson verified this was also true."

64. Because Mueller never returned any complete or incomplete projects to Lindh there is no way for Umentum and/or Erickson to honestly verify something that never happened.

65. On December 28, 2018 Lindh filed a "Request for Review of Rejected Complaint" of complaint number WCI-2018-26003.

66. On January 6, 2019 Foster rejected Lindh's request for review of complaint number WCI-2018-26003.

## V. CAUSE OF ACTION

67. Plaintiff realleges and incorporates by reference paragraphs 1 – 66.

68. First Cause of Action: On the week of September 24-28 Erickson retaliated against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically ordered him to remake, redo and/or repair hats that Mueller had already inspected, approved, accepted and documented in the Project Log Book.

69. Second Cause of Action: On the week of October 1-5 Erickson retaliated against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically ordered him to remake, redo and/or repair hats that Mueller had already inspected, approved, accepted and documented in the Project Log Book again.

70. Third Cause of Action: On the week of October 15-18 Erickson retaliated against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically ordered him to remake, redo and/or repair hats that Mueller had already inspected, approved, accepted and documented in the Project Log Book again.

71. Fourth Cause of Action: On October 18, 2018 Moon retaliated and conspired against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically refused to accept his written inmate complaints and /or return them to him.

72. Fifth Cause of Action: On Friday, October 19, 2018 Moon retaliated and conspired against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically accepted a complaint she had twice previously refused to

6

accept after learning that the Plaintiff had written the Dodge County Sheriffs Department, for the sole purpose of dismissing his complaints.

73. Sixth Cause of Action: On Friday October 19, 2018, Moon retaliated and conspired against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically recommended complaint number WCI-2018-22023 be dismissed.

74. Seventh Cause of Action: On Saturday, October 20, 2018, Foster retaliated and conspired against Plaintiff when he intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically dismissed complaint number WCI-2018-22023.

75. Eighth Cause of Action: On October 31, 2018, Hompe retaliated and conspired against Plaintiff when he intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically recommended that Plaintiff's appeal of inmate complaint number WCI-2018-22023 be dismissed.

76. Ninth Cause of Action: On November 2, 2018, Pusich retaliated and conspired against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically pulled him out of recreation, had him escorted "upfront" in handcuffs and interrogated him about his allegations against Erickson.

77. Tenth Cause of Action: On November 9, 2018, Mueller retaliated and conspired against Plaintiff when he intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically created a deliberately false, inaccurate and libelous inmate work evaluation and then used that work evaluation to justify terminating him.

78. Eleventh Cause of Action: On November 9, 2018, Pusich retaliated and conspired against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically approved and signed Mueller's deliberately false, inaccurate and libelous work evaluation.

79. Twelfth Cause of Action: On November 12, 2018, Mueller retaliated and conspired against Plaintiff when he intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically came to the North cell hall and confiscated all of the completed projects Plaintiff had in his cell.

80. Thirteenth Cause of Action: On November 12, 2018, Kroll retaliated and conspired against Plaintiff when he intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically approved by signing the "Inmate Work/Program Assignment/Placement" terminating Plaintiff from his job.

81. Fourteenth Cause of Action: On November 13, 2018, O'Donnell retaliated and conspired against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically dismissed Plaintiff's appeal of inmate complaint number WCI-2018-22023.

7

82. Fifteenth Cause of Action: On November 14, 2018, Pusich retaliated and conspired against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically responded to Plaintiff's letter regarding his termination by saying that his termination was justified.

83. Sixteenth Cause of Action: On November 28, 2018, Moon retaliated and conspired against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously, sadistically and deliberately misconstrued inmate complaint number WCI-2018-23980 and refused to address Plaintiff's allegations of staff misconduct by Mueller, Pusich and Kroll, and the fact that there was still a false, deliberately inaccurate and libelous work evaluation in his file.

84. Seventeenth Cause of Action: On December 10, 2018, Mueller retaliated and conspired against Plaintiff when he intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically refused to return the projects he had confiscated from Plaintiff on November 12, 2018 when Plaintiff was given his job back.

85. Eighteenth Cause of Action: On December 18, 2018, Pusich retaliated and conspired against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically responded to Plaintiff's letter regarding Mueller's refusal to return the projects he had confiscated from Plaintiff on November 12, 2018, by saying that Mueller's actions were appropriate and he would not be getting those projects back.

86. Nineteenth Cause of Action: On December 20, 2018 Moon retaliated and conspired against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically rejected inmate complaint number WCI-2018-26006, Plaintiff's written complaint about Mueller's refusal to return the projects he had confiscated from Plaintiff on November 12, 2018, as being "moot".

87. Twentieth Cause of Action: On or about December 20, 2018 Mueller retaliated and conspired against Plaintiff when he intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically lied to Moon when he told her that he had given Plaintiff back projects that were not finished so he could finish them. When in fact Mueller had never retuned any complete and/or incomplete projects to Plaintiff.

88. Twenty-First Cause of Action: On or about December 20, 2018 Umentum retaliated and conspired against Plaintiff when he intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically "verified" Mueller's lie to Moon that he had given back projects that were not finished.

89. Twenty-Second Cause of Action: On or about December 20, 2018 Erickson retaliated and conspired against Plaintiff when she intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically verified Mueller's lie to Moon that he had given back projects that were not finished.

8

90. Twenty-Third Cause of Action: On January 6, 2019 Foster retaliated and conspired against Plaintiff when he intentionally, willfully, knowingly, arbitrarily, capriciously, maliciously and sadistically rejected Plaintiff's "Request For Review Of Rejected Complaint" of complaint number WCI-2018-26003.

## VI. RELEIF REQUESTED

91. On the First Cause of Action, retaliation by Erickson, Plaintiff requests the following relief:

> 1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
> 2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
> 3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
> 4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

92. On the Second Cause of Action, retaliation by Erickson, Plaintiff requests the following relief:

> 1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
> 2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
> 3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
> 4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

93. On the Third Cause of Action, retaliation by Erickson, Plaintiff requests the following relief:

> 1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
> 2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
> 3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
> 4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

94. On the Fourth Cause of Action, retaliation by Moon, Plaintiff requests the following relief:

> 1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
> 2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)

9

3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

95. On the Fifth Cause of Action, retaliation by Moon, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

96. On the Sixth Cause of Action, retaliation by Moon, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

97. On the Seventh Cause of Action, retaliation by Foster, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

98. On the Eighth Cause of Action, retaliation by Hompe, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and

10

4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

99. On the Ninth Cause of Action, retaliation by Pusich, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

100. On the Tenth Cause of Action, retaliation by Mueller, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

101. On the Eleventh Cause of Action, retaliation by Pusich, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

102. On the Twelfth Cause of Action, retaliation by Mueller, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

11

103. On the Thirteenth Cause of Action, retaliation by Kroll, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

104. On the Fourteenth Cause of Action, retaliation by O'Donnell, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

105. On the Fifteenth Cause of Action, retaliation by Pusich, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

106. On the Sixteenth Cause of Action, retaliation by Moon, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

107. On the Seventeenth Cause of Action, retaliation by Mueller, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

108. On the Eighteenth Cause of Action, retaliation by Pusich, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

109. On the Nineteenth Cause of Action, retaliation by Moon, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

110. On the Twentieth Cause of Action, retaliation by Mueller, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

111. On the Twenty-First Cause of Action, retaliation by Umentum, Plaintiff requests the following relief:

Case 2:19-cv-00189-LA-NJ    Filed 02/05/19    Page 16 of 18    Document 1

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

112. On the Twenty-Second Cause of Action, retaliation by Erickson, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

113. On the Twenty-Third Cause of Action, retaliation by Foster, Plaintiff requests the following relief:

1. Compensatory damages in the amount of ten thousand dollars. ($10,000)
2. Exemplary and punitive damages in the amount of one hundred thousand dollars. ($100,000)
3. All costs, disbursements and reasonable attorney fees incurred by the Plaintiff in this action, and
4. Any such further relief that this Court may deem just, proper, equitable and/or necessary.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues and claims.

I, Aaron Lindh, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that all of the above statements are true and correct Executed on this ___5ᵀᴴ___ day of ___FEBRUARY___, 2019



14

## E. JURY DEMAND

I want a jury to hear my case.

☒ – YES        ☐ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this _____ day of _FEBRUARY_ 20_19_.

Respectfully Submitted,

_Croxon Lunalln_
Signature of Plaintiff

_# 159896_
Plaintiff's Prisoner ID Number

_c/o WAUPON CORRECTIONAL INSTITUTION_
_P.o. Box 351_
_WAUPON, WI 53963-0351_
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FULL FILING FEE

☒  I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Full Filing Fee form and have attached it to the complaint.

☐  I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Complaint – 5